NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRED'S STUDIO TENTS & CANOPIES, INC. :
: Civil Action No. 12-0997 (ES)
Plaintiff, :
v. : MEMORANDUM
: OPINION & ORDER
ALL POINTS INTERNATIONAL :
DISTRIBUTORS, INC., ET AL., :
:
Defendants. :
:

SALAS, DISTRICT JUDGE

This action comes before the Court on the motion of Plaintiff Fred's Studio Tents & Canopies, Inc. ("FSTC") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), and the Court, having considered Plaintiff's submissions, and it appearing that:

1. The parties previously entered into a Settlement Agreement in a prior action in this District. *Fred's Studio Tents & Canopies, Inc. v. All Points International Distributors, Inc., et al.*, No. 11-3818 (D.N.J. 2011) ("the 11-3818 Action").

2. On February 17, 2012, Plaintiff commenced the instant civil action, claiming that Defendants breached the Settlement Agreement that the parties had entered into in the prior action. (D.E. No. 1).

3. On February 27, 2012, Defendant All Points International Distributors, Inc. was served with a copy of the Summons and Complaint. (D.E. No. 4).

4. On February 27, 2012, Defendant Robert Schroeder was served with a copy of the Summons and Complaint. (D.E. No. 5).

5. The time for answering the Complaint has expired, and Defendants have neither

been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint.

6. On March 20, 2012, FSTC sent the Clerk of Court a letter requesting that default be entered against both Defendants. (D.E. No. 6).

7. On March 20, 2012, the Clerk of Court entered default as to these Defendants. (*See* D.E. dated March 20, 2013).

8. On March 22, 2012, Plaintiff filed its first motion seeking default judgment. (D.E. No. 8).

9. On October 10, 2012, all parties entered into a stipulation of dismissal, (D.E. No. 9), which was approved by the Court, (D.E. No. 10).

10. On December 13, 2012, Plaintiff filed a motion to vacate the stipulation of dismissal because Defendants failed to make timely payments. (D.E. No. 11).

11. On February 14, 2013, the Court granted Plaintiff's motion to vacate the stipulation of dismissal. (D.E. No. 20).

12. On February 15, 2013, Plaintiff filed the present motion seeking default judgment. (D.E. No. 21).

13. Plaintiff provided Defendants with notice of the motion for default judgment. (D.E. Nos. 22-24).

14. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2

(D.N.J. July 24, 2012) (internal citations omitted).

15. First, the Court finds that there has been sufficient proof of service because both Defendants were personally served. (D.E. Nos. 4 & 5).

16. Second, the Court finds that there has been a sufficient cause of action stated. In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach. *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, at *3, 2012 WL 924385 (D.N.J. Mar. 19, 2012). Here, FSTC has alleged: (1) that there was a contractual relationship based on the Settlement Agreement, (D.E. No. 1, Compl. ¶¶ 8-9)[1]; (2) that Defendants breached the contract when they failed to make required payments, (*id.* ¶ 34); and (3) that Plaintiff suffered resulting damages in the amount of $178,820.00, (D.E. No. 21-2, Certification of Justin Marchetta ¶¶ 27-28). Therefore, FSTC has sufficiently alleged a cause of action for breach of contract.

17. Third, to determine whether granting default judgment is proper, the Court must make factual findings "as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc, v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the Court finds that: first, absent any responsive pleadings from Defendants,

---

[1] "It is well settled that a settlement agreement is a contract and that contracts must be interpreted according to local law." *IUE-CWA Pension Fund v. Piccirilli*, No. 05-5954, 2007 WL 496981 (D.N.J. Feb. 9, 2007) (citing *Wilcher v. City of Wilmington,* 139 F.3d 366, 372 (3d Cir.1998)). Similar to the instant action, in the *IUE-CWA Pension Fund* case, the plaintiff sued for breach of a settlement agreement reached in a prior federal civil action. *Id.* at *1. There, the Court granted plaintiff default judgment. *Id.* at *6.

meritorious defenses do not appear to be available to them. Second, the Court finds that FSTC "will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant[s]." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Defendants are culpable because they have been served with notice of this action but have failed to participate properly.

Accordingly, IT IS on this 27th day of September, 2013,

**ORDERED** that Plaintiff's motion for default judgment is GRANTED, and it is

**ORDERED** that judgment is hereby entered against All Points International Distributors, Inc., and Robert Schroeder in favor of FSTC in the total amount of $178,820.00, and it is

**ORDERED** that the Clerk of the Court shall close this matter.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**